E-FILED
Wednesday, 01 July, 2026  03:27:45 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KEITH J. ANTHONY, JR.,
  Plaintiff,

v.

            Case No. 1:25-cv-01456-JEH

MINDI NURSE, *et al.*,
  Defendants.

## Order

This matter is now before the Court on Defendant Mindi Nurse's and Christopher Forbes' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 16, 29). For the reasons stated below, Defendants' Motions are DENIED.

## I

Plaintiff Keith Anthony, Jr., proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983. (Doc. 1). Specifically, Plaintiff alleged the water at Pontiac Correctional Center ("Pontiac"), where he was incarcerated from August 2021 to January 2025, was toxic and posed a serious risk to his health. Plaintiff alleged he drank the water from the sink in his cell, as no other drinking water was available to him. Plaintiff alleged the water caused him to experience stomachaches, cramps, gas, bloating, diarrhea, constipation, migraines, shortness of breath, fatigue, and a severe urinary tract infection. Plaintiff also claimed he suffered severe emotional distress from drinking the contaminated water and contemplated suicide. Plaintiff alleged Defendants Warden Mindi Nurse and Assistant Warden of Operations Christopher Forbes were "fully aware of the hazardous drinking water" and failed to take action to remedy the issue. *Id.* at p. 12.

1

At merit review, the Court allowed Plaintiff to proceed on an Eighth Amendment conditions-of-confinement claim and an intentional infliction of emotional distress ("IIED") claim under Illinois state law against Defendants Nurse and Forbes. (Doc. 8).

Defendant Nurse filed a Motion to Dismiss on April 2, 2026. (Doc. 16). Plaintiff filed a response on May 18, 2026. (Doc. 27). Defendant Forbes filed a Motion to Dismiss on May 20, 2026. (Doc. 29). Plaintiff did not file a response.

## II

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The pleading standard in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 at 556).

### III

Defendants Nurse and Forbes argue Plaintiff's IIED claim should be dismissed because it is barred by the doctrine of sovereign immunity. The State Lawsuit Immunity Act provides that "the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1. The Illinois Court of Claims has exclusive jurisdiction over "[a]ll claims against the State founded upon any law of the State of Illinois." 705 ILCS 505/8(a). "Whether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved in the relief sought." *Healy v. Vaupel*, 549 N.E. 2d 1240, 1247 (Ill. 1990).

"Illinois courts have developed a three-part test to determine whether an action is brought only nominally against a state employee and is instead one against the State itself." *Kyles v. Beaugard*, No. 15-CV-8895, 2023 WL 5277882, at *23 (N.D. Ill. Aug. 16, 2023). An action is considered one against the State when:

> [T]here are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.

*T. S. v. Cnty. of Cook, Illinois*, 67 F.4th 884 (7th Cir. 2023) (quoting *Healy*, 549 N.E.2d at 1247). "All three criteria must be met for the court to find that a suit against a state employee is instead one against the State." *Kyles*, 2023 WL 5277882, at *23.

"Applying the *Healy* factors, some courts have held that IIED claims are barred by state sovereign immunity." *Id.* at *25 (citing *Wells v. Spencer*, 2014 WL 1013864, at *4 (C.D. Ill. 2014) (finding that IIED claim was barred by state sovereign immunity at summary judgment); *Grainger v. Harrah's Casino*, 18 N.E.3d 265, 270–71 (Ill. App. Ct. 2014); *Giovenco-Pappas v. Berauer*, 179 N.E.3d 815, 821–22 (Ill. App.

3

Ct. 2020) (dismissing IIED claim as barred by sovereign immunity). "But this is not a bright-line rule. Instead, the test under Illinois law is fact specific." *Kyles*, 2023 WL 5277882, at *25.

Defendants Nurse and Forbes argue that Plaintiff does not allege they acted outside their official roles or made decisions outside the scope of their employment responsibilities. Defendants argue nothing in the Complaint suggests that they acted for purely personal reasons or in a manner that exceeded their authority as state employees.

Regarding the second element, Defendants argue that any alleged violation of their duty of care arose solely from their potential failure to comply with their work obligations, not from any duty owed to the general public. Defendants argue the source of their duty to Plaintiff arose exclusively from their employment with the State and their responsibilities concerning conditions of confinement and medical care.

Regarding the third factor, Defendants argue their alleged actions pertained to their official functions, which included the routine management and operation of Pontiac. As wardens, Defendants were responsible for the overall conditions of confinement at Pontiac, including facility maintenance. Defendants argue Plaintiff's claims arise from actions taken in the course of those official duties and are barred by sovereign immunity.

In his Complaint, Plaintiff alleges Defendants Nurse and Forbes "were fully aware of the hazardous drinking water. Both Defendants' failure to correct this 'continuing violation' for over 3 ½ years has caused the constitutional deprivation and injured plaintiff consistently." (Doc. 1 at p. 12). Plaintiff alleges water reports and test results from the Illinois Environmental Protection Agency showed Pontiac's water was unsafe for consumption. (Doc. 1-2 at pp. 48-55). Plaintiff alleges Defendant Nurse allowed inmates in the general population to buy bottled

4

water from commissary and issued a memorandum on October 3, 2022, informing inmates of Legionella and the closure of Pontiac's east and west cellhouses. (Doc. 1 at p. 15). Plaintiff alleges he did not always have enough funds to purchase bottled water from commissary. *Id.* at p. 24. Additionally, Plaintiff alleges he was not allowed to purchase bottled water from commissary when he was in restrictive housing. *Id.* As a result, Plaintiff claims he was forced to drink contaminated water every day between August 20, 2021 and January 6, 2025. *Id.*

On October 2, 2022, Plaintiff alleges he was hospitalized for several days due to a severe urinary tract infection and "near kidney failure." *Id.* at pp. 25-26. Plaintiff alleges he experienced extreme mental and emotional anguish for over three years due to constant fear of contracting infectious diseases or death. *Id.* at p. 26. Plaintiff alleges he contemplated suicide because he was "overwhelmed by the physical and mental pain(s) resulting from having to continually consume contaminated hazardous drinking water . . . ." *Id.* at pp. 26-27.

The Court finds that allegedly failing to take action to remedy the contaminated water at Pontiac, despite knowing the water was unsafe, and depriving Plaintiff of access to safe drinking water for over three years could constitute "wrongful acts" beyond the scope of Defendants' authority as Warden and Assistant Warden of Operations at Pontiac. Although Defendants' duty to provide a safe living environment for inmates like Plaintiff arises from their employment with the Illinois Department of Corrections ("IDOC"), Plaintiff bases his IIED claim on the Defendants' alleged constitutional violations. *See Taylor v. Wexford Health Sources, Inc.,* No. 15 C 5190, 2016 WL 3227310, at *6 (N.D. Ill. June 13, 2016) (denying IDOC defendants' motion to dismiss plaintiff's IIED claim based on sovereign immunity). "In such a case, 'when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of this

5

authority' and the state law claim depends on the alleged constitutional violation, sovereign immunity does not apply." *Id.* (quoting *Healy*, 549 N.E.2d at 1247).

At least at this stage, the Court finds that sovereign immunity does not bar Plaintiff's IIED against Defendants Nurse and Forbes. *See Chatman v. City of Chicago*, No. 14 C 2945, 2015 WL 1090965, at *11 (N.D. Ill. Mar. 10, 2015) (refusing to dismiss state law claims as barred by sovereign immunity where plaintiff alleged that defendant violated state law and the Constitution); *Saunders v. City of Chicago*, No. 12-cv-09158, 2013 WL 6009933, at *12 (N.D. Ill. Nov. 13, 2013) (allowing plaintiff to proceed on his IIED claim where he alleged that defendants acted outside of state law and in violation of the Constitution). Defendants' Motions to Dismiss are DENIED.

**IT IS THEREFORE ORDERED:**

1)    Defendant Mindi Nurse's Motion to Dismiss [16] and Defendant Christopher Forbes' Motion to Dismiss [29] are DENIED.

2)    Defendants are DIRECTED to answer Plaintiff's Complaint within 21 days of this Order.

*It is so ordered.*

Entered: July 1, 2026

s/Jonathan E. Hawley
U.S. District Judge

6